## PALMER v. SANDERS et al.

*(Circuit Court, S. D. New York. January 25, 1892.)*

LEASE—PAROL EVIDENCE TO VARY.

> Parol evidence of consent by the lessor to cut trees on the leased premises and on adjoining premises is not inadmissible as varying the written lease, which provides that trees should not be cut on the premises without consent of the lessor.

At Law. Action by John E. Palmer against Elizabeth B. Sanders and Charles W. Sanders, for malicious prosecution. Verdict for plaintiff. Motion by defendants to set the same aside, and for a new trial. Denied.

*Palmer & Boothby*, for plaintiff.

*T. C. Sanders*, for defendants.

WHEELER, J. The plaintiff took a lease for five years of a farm in New Jersey belonging to the husband of the defendant Elizabeth, father of the defendant Charles, of which they had charge, some of the fences on which were gone; agreeing in the lease to make all necessary repairs to the fences and buildings, and to expend $600 in improvements on it within two years, and not to cut any living trees without the consent of the lessor. He carried some fence-posts away from this farm to another, of which he had the use, near by. They went together to look the posts up, and, on the complaint of defendant Charles, he was prosecuted for stealing the posts, imprisoned, tried, and acquitted. This suit is brought for starting that prosecution maliciously.

The defendants claimed that the posts were on the farm, piled, before the plaintiff took the lease; he claimed that he cut part of them on the leased premises, and the rest on land adjoining, belonging to the lessor, with the consent of defendant Elizabeth, acting for the lessor, for rebuilding the fences.

The defendants insist that the parol evidence of this consent was inadmissible, because it would vary or add to the terms of the written lease. But consent to cut trees on the leased premises was expressly provided for in the lease, and not required to be in writing, and consent to cut on the other premises was wholly without the terms of the lease. Besides this, the parol proof must have been admissible to account for the posts which he carried away, and shows that they were not there before he went there. His right, or claim of right, to the posts on account of having cut them with this consent was the turning point on the question of want of probable cause. It was submitted to the jury on all the evidence, and found for the plaintiff. This finding is argued to have been against the weight of the evidence, and reasons in support of that view are brought forward. They were, however, well presented to the jury on the trial, and must have been considered. That there was no evidence to support the finding is not claimed. Under those circumstances, it cannot be disturbed without trenching upon the province of the jury.

In stating the question whether the defendant Elizabeth so took part in the prosecution as to be liable for it, the court appears to have said that the defendants returned to New York together after the making of the complaint, when in fact they came separately. This is relied upon in favor of a new trial. But as they came after the prosecution was started, whether they came together or separately was wholly immaterial. If not, the attention of the court should have been called to the mistake, that it might be corrected. Some other points of the same sort are made, but are similarly and no better founded.

No valid reason for setting aside the verdict is made to appear, and the motion for that purpose must be overruled. Motion denied. Stay continued 30 days, for settling exceptions.